# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THOMAS H. L. BARFELL,<br><br>                  Plaintiff,<br><br>v.<br><br>CORRECTIONAL HEALTH CARE COMPANIES, WINNEBAGO COUNTY JAIL, NURSE KATRINA, SGT. MAKURAT, SGT. DURRANT, SGT. MANTHEY, JOHN MATZ, DR. ANULIGO, and CPI TUTTLE,<br><br>                  Defendants. | Case No. 17-CV-1365-WED-JPS<br><br><br>**ORDER** |

Plaintiff Thomas H. L. Barfell, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that defendants violated his civil rights. On December 18, 2017, Magistrate Judge William E. Duffin screened the complaint and ordered plaintiff to file an amended complaint if he wanted to proceed with this lawsuit. (Docket #8). Among other things, Magistrate Duffin noted that Plaintiff appeared to be attempting to join many different unrelated claims against different unrelated parties in the same lawsuit, in violation of Federal Rule of Civil Procedure 20(a). *Id*. at 8.

Plaintiff filed an amended complaint in this case on January 9, 2018. (Docket #10). He also filed two additional lawsuits, *Barfell v. Aramark,* Case No. 17-CV-1567-WED-JPS (E.D. Wis.), and *Barfell v. Prekop*, Case No. 17-CV-1739-WED-JPS (E.D. Wis.). Plaintiff then filed a motion to consolidate the cases, which Magistrate Duffin denied for the reasons explained in his

screening order—namely, that doing so would violate Rule 20(a). (Docket #13, #15). The magistrate told Plaintiff to notify the court by March 16, 2018 if he wanted to voluntarily dismiss any of his lawsuits. (Docket #15).

Plaintiff did not voluntarily dismiss this lawsuit. Further, not all parties have had the opportunity to fully consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c). Therefore, this matter is before this branch of the Court for the limited purpose of screening the amended complaint, (Docket #10), and resolving pending motions, (Docket #7, #14).

1. **Screening the Amended Complaint**

    1.1 **Applicable Law**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 1.2 Factual Allegations

Plaintiff is an inmate at the Winnebago County Jail ("WCJ"). Defendants are: Correctional Health Care Companies ("CHCC"), WCJ, Nurse Katrina, Sergeant Makurat, Sergeant Durrant, Sergeant Manthey, John Matz, Dr. Anuigo, and CPI Tuttle.

Plaintiff's amended complaint is difficult to read and repetitive. He explains that he has several medical issues, including: Hepatitis C, cavities in his teeth, severe bodily pain in his face, neck, and stomach, chronic bronchitis/congestion, and vision problems. According to Plaintiff, WCJ has a prison policy not to treat Hepatitis C or to "send out inmates" for dental care. (Docket #10 at 2). Between September 2017 and November 2017, Plaintiff asked correctional officers Durrant, Tuttle, and Manthey for a grievance form to address his medical issues, but they continuously refused to provide one. Plaintiff explains that WCJ has a policy to not provide grievance forms for "issues [that are not] grievable." *Id.* at 7.

During this time, Plaintiff also explained his medical problems to Nurse Katrina and Dr. Anuligo (the Court presumes that Plaintiff's reference to "the doctor" in his allegations is Dr. Anuligo) but they have not resolved the issues. They continue to prescribe pain medication that Plaintiff cannot take with his existing liver issues. Further, Plaintiff's cavities have not been fixed, his congestion issues remain, and he still does not have glasses to fix his vision problem. Nurse Katrina and Dr. Anuligo also have not approved a restriction for extra mattress/pillows for his neck pain. For relief, Plaintiff seeks monetary damages and a change in jail policy.

### 1.3 Legal Analysis

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

At the outset, the Court must dismiss WCJ as a defendant. A county jail is not a "person" subject to suit under Section 1983. *See Nawrocki v. Racine Cty. Jail*, No. 08-CV-96-BBC, 2008 WL 4417314, at *1 (W.D. Wis. Mar. 7, 2008) ("[A] building is not a proper party to a lawsuit brought under 42 U.S.C. § 1983.").

Next, the Court will dismiss John Matz and Sgt. Makurat from this action for lack of personal involvement. Liability under Section 1983 is based on a defendant's personal involvement in the constitutional violation. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). "An official satisfies the personal responsibility requirement of section 1983. . .if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Id*. He "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*.

Plaintiff alleges no facts at all about Matz, including what he did or did not do to violate his constitutional rights. Plaintiff mentions Makurat in the complaint once, stating that Makurat was present during a physical examination. Plaintiff explains that Makurat was there because WCJ policy required "a deputy present at all times." (Docket #10 at 4). It is unclear what constitutional rights Plaintiff believes Makurat violated. Therefore, the Court will dismiss Matz and Makurat.

The Court now turns to the remaining individual defendants. The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials violate the Eighth Amendment when they show "deliberate indifference" to a substantial risk of serious harm to inmate health or safety. *Id.* at 834. Prison officials act with deliberate indifference when they know of a substantial risk of serious harm and either act or fail to act in disregard of that risk. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). A medical need is sufficiently "serious" if the inmate's condition "has been diagnosed by a physician as mandating treatment or. . .is so obvious that even a lay person would perceive the need for a doctor's attention." *Id.*

Plaintiff states that he has several painful medical conditions. Between September 2017 and November 2017, Plaintiff told Nurse Katrina and Dr. Anuligo about the conditions and they have failed to resolve the issues, leaving him in severe pain. Based on these allegations, Plaintiff may proceed with an Eighth Amendment claim that Nurse Katrina and Dr. Anuligo showed deliberate indifference towards his serious medical needs.

Plaintiff also suggests that Durrant, Manthey, and Tuttle hindered his access to the courts by refusing to give him inmate grievance forms to complain about his medical needs. The Court will allow him to proceed with a claim concerning these facts in his third lawsuit, *Barfell v. Prekop*, Case No. 17-CV-1739-WED-JPS (E.D. Wis.). This lawsuit is limited to his Eighth Amendment medical care claims. Therefore, the Court will dismiss Durrant, Manthey, and Tuttle from this action.

Finally, the Court considers Plaintiff's claims against CHCC. A private corporation can be held liable under Section 1983 for its employees' constitutional violations if an official corporate policy caused the violation. *See Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). The plaintiff must show that an official corporate policy reflects "a conscious choice among alternatives that evinces a deliberate indifference to the rights of the individuals with whom those employees will interact." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012).

Plaintiff does not mention CHCC anywhere in the amended complaint other than the caption. As a result, he fails to identify an official corporate policy that allegedly violates the Eighth Amendment. Plaintiff does state that "WCJ" has various "policies" that violate the Eighth Amendment. However, as Magistrate Duffin explained in the original screening order, WCJ is not a proper party to the lawsuit, and the court has already given Plaintiff one opportunity to amend the complaint to cure this deficiency. Therefore, the Court will also dismiss CHCC.

Finally, plaintiff mentions "HIPPA violations" and "open records violations" several times in his amended complaint but fails to provide sufficient factual background to state a claim upon which relief can be granted in either case. Therefore, he may not proceed with these claims.

2. **Plaintiff's Motions to Appoint Counsel**

Plaintiff also asks for Court-appointed counsel. (Docket #7, #14). He explains that he is disabled and has an injury that affects his memory and eyesight. (Docket #7).

In a civil case, the Court has discretion to recruit a lawyer for someone who cannot afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013). However, the litigant must first make reasonable efforts to hire private counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). In this district, a plaintiff can satisfy this requirement by providing the Court with: (1) the attorneys' names, (2) the addresses, (3) the date and way plaintiff attempted to contact them, and (4) the attorneys' responses.

Once the plaintiff makes reasonable attempts to hire counsel, the Court then decides "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696. The Court looks not only at Plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.*

Plaintiff states that has made "repeated efforts to obtain a lawyer." (Docket #14). He appears to have written out the text of a letter he allegedly sent to attorneys requesting counsel. (Docket #14-1). As discussed above, Plaintiff must prove that he actually attempted to contact lawyers by providing the Court with the following information: (1) the attorneys' names, (2) the addresses, (3) the date and way he attempted to contact them, and (4) the attorneys' responses. Plaintiff has not satisfied this requirement. "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). Thus, Plaintiff must first do what is required of him before the Court will

consider appointing counsel. Therefore, the Court will deny without prejudice Plaintiff's motions for appointment of counsel.

Accordingly,

**IT IS ORDERED** that Correctional Health Care Companies, Winnebago County Jail, Sgt. Makurat, John Matz, Sgt. Durrant, Sgt. Manthey, and CPI Tuttle be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that Plaintiff's motions to appoint counsel (Docket #7, #14) be and the same are hereby **DENIED** without prejudice;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order on defendants Nurse Katrina and Dr. Anuligo under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendants Nurse Katrina and Dr. Anuligo shall file a responsive pleading to the amended complaint;

**IT IS FURTHER ORDERED** that the Court **RETURNS** this case to Magistrate Judge William E. Duffin for further proceedings;

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions; and

**IT IS FURTHER ORDERED** that Plaintiff to mail all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The Court advises plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the Court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 16th day of April, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge