UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS H.L. BARFELL,

        Plaintiff,

v.                                                                Case No. 17-C-1365

KATRINA BRUCKER, et al.,

        Defendants.

## ORDER

Plaintiff Thomas H.L. Barfell, who is currently representing himself and incarcerated at Winnebago County Jail, filed this civil rights action pursuant to 42 U.S.C. § 1983. This matter comes before the court on Plaintiff's motion to compel. Plaintiff seeks copies of his medical records, request forms, and grievance forms from Defendants. Defendants indicate that they do not have access to these documents because they are not the documents' custodians. Defendants request that the court order Plaintiff to sign a medical authorization permitting them to gain access to his medical records.

As an initial matter, the court is satisfied that Defendants are entitled to access Plaintiff's medical records, as requested. By alleging Defendants were deliberately indifferent to his serious medical needs, Plaintiff has placed his medical health condition at issue. He is therefore obligated to allow them access to his medical records.

Even if Defendants did have access to Plaintiffs medical and other institutional records, they would not be required to provide Plaintiff with copies of them. Indeed, Plaintiff has the ability to access his own medical records, request forms, and grievance forms at his institution and can

purchase copies of any relevant material in his file. While Plaintiff contends that he should receive copies of these documents at no cost because he is indigent, the fact that Plaintiff has been permitted to proceed *in forma pauperis* does not relieve him of his obligation to pay for the costs associated with pursuing this litigation. The court is not required to order that a defendant subsidize the litigation of prisoners or indigent litigants. *See Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003) ("[A] prisoner has no constitutional entitlement to subsidy to prosecute a civil suit; like any other civil litigant, he must decide which of his legal actions is important enough to fund."); *Goodvine v. Gorske*, No. 06C0862, 2010 WL 3743522, at *2 (E.D. Wis. Sept. 22, 2010) (declining to compel defendants to produce copies of plaintiff's medical file because plaintiff had been granted access to the file); *Stewart v. Barr*, No. 05-C-293-C, 2005 WL 6166745, at *2 (W.D. Wis. Nov. 30, 2005) ("[D]efendants have no obligation to provide plaintiff with free copies of his medical records.").

To shift the cost of producing such records to the defendants in every case in which an indigent inmate asserts a claim involving his medical care would be unreasonably burdensome. The court will not compel the defendants, who are not the custodians of the records, to pay for an indefinite amount of copies, as Plaintiff has reasonable access to his records where he can review the documents and take notes of those records that are relevant to his claim. Like any other civil litigant, Plaintiff must decide whether and how to spend his own funds or funds from his legal loan account on the discovery process to advance his claims. The court will extend the discovery and dispositive motion deadline so that Plaintiff may obtain his records on his own.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (ECF No. 34) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall execute a written authorization granting Defendants access to his medical records on or before **September 11, 2018**. In the event Plaintiff fails to do so, this case may be dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time (ECF No. 40) is **GRANTED**. The parties must complete all discovery by **October 19, 2018** and file their dispositive motions on or before **November 19, 2018**.

Dated this  28th  day of August, 2018.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court