UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS H. L. BARFELL,

        Plaintiff,

v.                                              Case No. 17-C-1365

KATRINA BRUCKER ET AL.,

        Defendant.

**ORDER GRANTING MOTION TO DISMISS**

On October 6, 2017, Plaintiff Thomas H. L. Barfell, who is incarcerated at Winnebago County Jail and representing himself, filed this action pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated. ECF No. 1. The court screened Plaintiff's complaint and allowed him to proceed on his deliberate indifference to medical needs claims against Defendants Katrina Brucker and Dr. Kenechi Anuligo. ECF No. 16. On July 30, 2018, Plaintiff filed a motion to compel Defendants to produce copies of his medical records. ECF No. 34. The court denied Plaintiff's motion and ordered him to execute a written authorization granting Defendants access to his medical records by September 11, 2018. ECF No. 41. Before the court is a letter from Defendants, which this court construes as a motion to dismiss, requesting that this court dismiss Plaintiff's claims for his failure to execute the medical authorization. ECF No. 42. For the reasons below, the court will grant Defendants' motion to dismiss.

Defendants are entitled to obtain a medical authorization from Plaintiff to view his medical records. Plaintiff's claims of deliberate indifference to his serious medical needs place his medical health at issue, which entitles Defendants to conduct discovery related to his medical health and to

obtain his medical records. *Banks v. Fendt*, No. 12-CV-1063, 2013 WL 2475860, at *1 (E.D. Wis. June 7, 2013). The fact that Plaintiff is self-represented does not automatically relax this requirement. *See Martin v. Fort Wayne Police Dep't*, No. 1:04-CV-450-TS, 2005 WL 3118020, at *4 (N.D. Ind. Nov. 21, 2005). Discovery is a two-way street. *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("Mutual knowledge of all relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession."). Plaintiff cannot simultaneously request discovery from Defendants while refusing to provide Defendants with discovery that strikes at the core of Plaintiff's legal claims.

A district court may dismiss an action for failure to comply with a court order under Federal Rules of Civil Procedure 41(b) or 37(b). *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003). Rule 41(b) requires the court to find that the party whose claims are being dismissed showed a clear record of delay or contumacious conduct or failed to comply with a court order despite previous, less-drastic sanctions. *Id.* In deciding whether to dismiss a case under Rule 41(b), several principles guide the court. *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003). These principles include the frequency and magnitude of a plaintiff's failure to comply with deadlines, the apportionment of responsibility for those failures between a plaintiff and his counsel, if any, the effect of the failures on the judge's calendar and time, the prejudice to the defendant caused by the plaintiff's conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the litigation that the suit represents. *Id.*; *see also Spam Arrest LLC v. Rhino Software, Inc.*, No. 10-CV-669-WMC, 2011 WL 13267041, at *5 n.6 (W.D. Wis. Nov. 16, 2011) (explaining that the same principles apply for dismissal of claims under Rule 41(b) for failure to comply with a court order and for failure to prosecute). Rule 37(b) requires the court to find that

2

the party against whom a sanction is imposed displayed willfulness, bad faith, or fault. *In re Thomas Consol. Indus., Inc.*, 456 F.3d 719, 724 (7th Cir. 2006). Although a motion to compel usually precedes the imposition of Rule 37(b) sanctions, a formal motion is not always required. *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 729 F.2d 469, 472 (7th Cir. 1984). In general, where a party has received adequate notice that certain discovery proceedings are to occur by a specific date, and that party fails to comply, a court may impose sanctions without a formal motion to compel from the other side. *Id.* District courts must always provide due warning before dismissing a plaintiff's claims, and the warning must be explicit. *Aura Lamp & Lighting Inc.*, 325 F.3d at 908; *Ball v. City of Chi.*, 2 F.3d 752, 755 (7th Cir. 1993). There is no grace period before dismissal is permissible and no requirement of graduated sanctions or repeated warnings; a single, explicit warning suffices. *Aura Lamp & Lighting Inc.*, 325 F.3d at 908.

Plaintiff's failure to execute the medical authorization warrants dismissal of his claims under Rules 41(b) and 37(b), each of which is an independently sufficient basis for dismissal. The court first finds that dismissal under Rule 41(b) is appropriate. The record demonstrates that instead of providing a medical authorization to Defendants, Plaintiff has repeatedly demanded that Defendants produce his medical records. *See* ECF Nos. 29, 31, 34. But Defendants cannot provide Plaintiff with his medical records unless Plaintiff executes a medical authorization. Plaintiff has delayed requesting his own medical records or executing a medical authorization for months. On August 28, 2018, the court ordered that "Plaintiff shall execute a written authorization granting Defendants access to his medical records on or before September 11, 2018. In the event Plaintiff fails to do so, this case may be dismissed." ECF No. 41. This warning was clear and explicit. *See Aura Lamp & Lighting Inc.*, 325 F.3d at 908; *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) ("[B]eing

3

a pro se litigant does not give a party unbridled license to disregard clearly communicated court orders."). Plaintiff has failed to comply with this order, which further delays this case, prejudices Defendants' ability to establish a defense given how central Plaintiff's medical health is to his legal claims, and reflects poorly on the merits of his claims. Accordingly, Rule 41(b) warrants dismissal of Plaintiff's claims.

Although the court finds that dismissal under Rule 41(b) is appropriate, dismissal would also be appropriate under Rule 37(b). Although this order does not respond to a formal motion to compel, no such motion is required for the court to impose a sanction of dismissal under Rule 37(b). *See Tamari*, 729 F.2d at 472. Where a party receives notice that certain discovery proceedings are to occur by a specific date, and that party fails to comply, a court may impose a sanction. *Id.* Here, the court's August 28, 2018 order notified Plaintiff of his obligation to execute a medical authorization by September 11, 2018, and he failed to comply. *See* ECF Nos. 41–42. Plaintiff has demanded on several occasions that Defendants produce his medical records, but Defendants cannot obtain these records until Plaintiff executes an authorization. Even if Defendants possessed these records, they would not be obligated to provide Plaintiff with copies of the records at their expense. Plaintiff's repeated requests are therefore unreasonable and show fault. *See Long v. Steepro*, 213 F.3d 983, 987 (7th Cir. 2000) ("Fault, in this context [of Rule 37(b) sanctions], suggests objectively unreasonable behavior."). Given the clear warning issued in the court's August 28, 2018 order, Plaintiff's failure to execute the medical authorization demonstrates willfulness. Had Plaintiff intended to comply but needed more time, then presumably he would have filed a motion for an extension of time to provide the authorization. Even a week after the September 11, 2018 deadline,

Plaintiff had neither executed the authorization nor requested an extension of time to do so. Because Plaintiff demonstrates willfulness and fault, his claims must be dismissed.

**IT IS THEREFORE ORDERED** that Defendants' motion to dismiss (ECF No. 42) is **GRANTED**. The case is dismissed with prejudice. The Clerk of Court is directed to enter judgment accordingly.

Dated this   24th   day of September, 2018.

      s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court